IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**AMANDA SIMS,**

      **Petitioner,**

v.                                                Case No. 1:17-cv-01995

**WARDEN, FCI PERKIN,**[1]

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### BACKGROUND AND PETITIONER'S CLAIM

The petitioner, Amanda Sims ("Sims"), was prosecuted in the United States District Court for the Southern District of Indiana. However, at the time she filed the instant petition, Sims was incarcerated at FPC Alderson in Alderson, West Virginia. She

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Warden at FCI Perkin, where Sims is now incarcerated, is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

has since been transferred to FCI Perkin in Perkin, IL. Her current release date is November 10, 2023.

### A.     Sims' criminal conviction and sentence.

On October 9, 2015, Sims agreed, in a written plea agreement, to plead guilty to one count of Conspiracy to District and to Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as charged in an Indictment filed in the United States District Court for the Southern District of Indiana ("Indiana District Court"). (*United States v. Sims*, No. 2:15-cr-00007-JMS-CMM (S.D. Ind.), ECF Nos. 1, 288). In light of the quantity of drugs contained in the Indictment, Sims was subject to a mandatory minimum sentence of 120 months.

On March 2, 2016, Sims was convicted and sentenced to 121 months in prison, followed by a three-year term of supervised release. (*Id.*, ECF Nos. 405, 406). In deriving this sentence, the Indiana District Court included a two-level enhancement under section 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a firearm, which Sims agreed to in her plea agreement. (*Id.*, ECF No. 288 at 9, ¶ 23B). Sims' plea agreement also contained a waiver of direct appeal and collateral attack of her conviction and sentence under 28 U.S.C. § 2255, except for any claim of ineffective assistance of counsel. (*Id.* at 10-11, ¶¶ 24 and 25).

### B.     Other relevant filings in the Indiana District Court.

As relevant here, on February 23, 2017, Sims filed a Motion for Sentence Reduction for Constructive Possession in her court of conviction, which asserted the same claim under *Henderson v. United States*, 135 S. Ct. 1780 (2015) that Sims appears to be making

in the instant § 2241 petition. (*Id.*, ECF No. 574). On March 9, 2017, the United States of America filed a response in opposition to Sim's motion for sentence reduction. (*Id.*, ECF No. 577). That response, which is attached to Sims' instant section 2241 petition in this court, asserted that Sims had waived the right to assert such a claim in a § 2255 motion, and that any relief she might seek under § 2241 would be more appropriately filed in the United States District Court for the Southern District of West Virginia, where she was then incarcerated. On May 19, 2017, the Indiana District Court entered an Order to provide Sims with the applicable forms for filing a motion under § 2255 and a petition for a writ of habeas corpus under § 2241, so that she could determine how she wished to pursue relief. (*Id.*, ECF No. 581).

    **C.    Sims' § 2241 petition.**

On March 24, 2017, Sims filed the instant § 2241 petition in this court. Pursuant to the Supreme Court's decision in *Henderson v. United States,* 135 S. Ct. 1780 (2015), Sims asserts that she should be resentenced without the two-level enhancement for possession of a firearm. In *Henderson*, the Court addressed the issue of constructive possession of a firearm under 18 U.S.C. § 922(g), finding that constructive possession extends to maintaining control over guns in the hands of others.

Sims asserts that the firearm that led to her enhancement belonged to her boyfriend and was kept on his side of the closet concealed under clothing and was kept for personal protection. (ECF No. 1 at 3). Sims claims that she was unaware of the *Henderson* decision at the time of her guilty plea and sentencing, and that the firearm enhancement should be removed because the gun was not in her possession. She further requests that, after removal of that enhancement, she be allowed to participate in the

3

BOP's Residential Drug Treatment (RDAP) program and receive earlier release. Because it is apparent that Sims is not entitled to relief on her claim under § 2241 in this court, the undersigned has not ordered the respondent to file a response to the petition.

## ANALYSIS

Sims' claim clearly challenges the validity of her sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Indiana. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering Sims' § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of her detention in order that she may pursue such relief under § 2241.  Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective to include sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

Sims cannot meet these criteria.  At bottom, Sims does not cite to any change in substantive law since the time of her sentencing that has resulted in a fundamental defect in her sentence.  To the extent that Sims relies solely on the Supreme Court's decision in *Henderson*, that decision was issued prior to her sentencing and, thus, it does not meet the *Wheeler* criteria of being a substantive change in the law that occurred after she had an opportunity to file a direct appeal and a § 2255 motion.  Any benefit Sims could have gained from the *Henderson* decision was available to her at the time of her sentencing.

5

Additionally, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Sims' claim by this court under § 2241. Sims did not file a direct appeal or a timely § 2255 motion in her court of conviction asserting this claim; nor could she, pursuant to the waiver provisions of her plea agreement. If Sims is asserting that her counsel failed to properly object to the enhancement or argue *Henderson's* application to her case, a claim of ineffective assistance of counsel on that basis should have been raised in a timely § 2255 motion and was not. Even after *Wheeler*, Sims cannot seek such relief under § 2241 in this court on that basis.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of her detention and, thus, her claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

February 24, 2020

Dwane L. Tinsley
United States Magistrate Judge