IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

AMANDA SIMS,

    Petitioner,

v.                                        CIVIL ACTION NO. 1:17-cv-1995

WARDEN, FCI PERKIN,[1]

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on February 24, 2020, in which he recommended that the court dismiss for lack of jurisdiction petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Tinsley Findings and Recommendation. The failure of any party to file

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Warden at FCI Perkin, where Sims is now incarcerated, is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Objections to the Proposed Findings and Recommendation were due by March 12, 2020. Petitioner filed no objections to the Magistrate Judge's Findings and Recommendation by the deadline.

Accordingly, the court adopts the Findings and Recommendation of Magistrate Judge Tinsley as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** for lack of jurisdiction; and
2. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

2

standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 17th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge